IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENHANCED SECURITY RESEARCH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-871 (JJF) |
| | ) | |
| JUNIPER NETWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT JUNIPER NETWORKS, INC.'S MOTION FOR ATTORNEYS' FEES

Defendant Juniper Networks, Inc. ("Juniper") hereby moves, pursuant to Federal Rule of Civil Procedure 54(d)(2) and 35 U.S.C. § 285, for an award of attorneys' fees and expenses, and in support thereof, states as follows:

1. Pursuant to Federal Rules of Civil Procedure 54(d)(2), a motion requesting attorneys' fees and expenses generally must be filed within 14 days of the entry of judgment.

2. Enhanced Security Research, LLC ("ESR") filed its complaint in this action on the same day it moved for voluntary dismissal of a previous case it had filed in the Eastern District of Texas due to standing problems. In its Motion To Dismiss Without Prejudice in that case, ESR represented that it would "clarify title to the patents-in-suit and *remove any possible doubt as to its standing to sue*. To conserve the parties' resources and for purposes of judicial economy, plaintiff is filing a new, substitute action against Defendant where *it is unquestionable that standing may not be challenged* and which obviates any fact intensive standing inquiries." *See* Enhanced Security Research, LLC's Motion To Dismiss Without Prejudice Under Fed. R. Civ. P. 41(a)(2), D.I. 17, #12 (Ex. K To Evans Declaration In Support Of Juniper's Motion To Stay) at p. 1-2 (emphasis added).

3.   ESR subsequently filed its complaint in this action, which it characterized as a "substitute action." *Id.* at p. 2. However, ESR failed (for the second time) to ensure that it had proper standing to file its infringement lawsuit against Juniper.

4.   On July 27, 2009 Juniper filed its Motion To Dismiss For Lack Of Standing in the "substitute action." D.I. 19. This motion explained in detail the standing deficiencies in ESR's new lawsuit. However, even after receiving notice of these standing deficiencies, ESR refused to withdraw its suit or take any action to correct these deficiencies.

5.   On June 25, 2010, this Court granted the defendants' motion to dismiss in *Enhanced Security Research, LLC v. Cisco Systems, Inc., et al.*, C.A. No. 09-390-JJF, which was based on the same grounds as Juniper's motion to dismiss in this case: ESR's lack of standing. Again, ESR refused to withdraw this suit or take any action to correct these deficiencies.

6.   On July 20, 2010, the Court entered an order granting Juniper's Motion To Dismiss For Lack Of Standing. D.I. 64.

7.   ESR's filing of this action without ensuring it had standing to do so – and its continued maintenance of the action despite its awareness of the standing problems – was unjustified and meritless, and renders this case "exceptional" under 35 U.S.C. § 285.    *See Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal Inc.*, 231 F.3d 1339, 1346-47 (Fed. Cir. 2000) (many varieties of misconduct make a case exceptional for a fee award, including "vexatious or unjustified litigation, or frivolous filings"). Bringing and maintaining meritless litigation can render a case "exceptional." *See Eltech Systems Corp. v. PPG Ind.*, 903 F.2d 805, 810 (Fed. Cir. 1990) (affirming attorney's fees under section 285 for bringing and maintaining meritless action).

8.   A fair estimate of Juniper's attorneys' fees and expenses for this case to date is approximately $400,000.

9.   Juniper understands that Plaintiff has appealed this Court's decision.  Because Juniper will continue to incur attorneys' fees and expenses during the appeal, it respectfully requests that the Court stay briefing and reserve decision on this motion until the appeal is fully resolved, at which time Juniper will be in a position to provide the Court with the full amount of the attorneys' fees and expenses it has incurred in this action.  *See Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 2010 WL 1485656, No. 07-457 (D.Del. April 13, 2010) (defendants' motion for fees, requesting that the court stay briefing and reserve its decision pending appeal, properly put plaintiffs on notice that defendants may seek attorney fees if the judgment in their favor withstands appeal).

WHEREFORE, Juniper respectfully requests that the Court award Juniper its attorneys' fees and expenses incurred in this action, including the attorneys' fees and expenses incurred as a result of Plaintiff's appeal to the Federal Circuit.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Morgan Chu, Esquire
Jonathan S. Kagan, Esquire
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010

David C. McPhie, Esquire
Rebecca L. Clifford, Esquire
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660

August 3, 2010

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant Juniper Networks, Inc.*

## <u>RULE 7.1.1 CERTIFICATE</u>

I certify that counsel for Defendant raised the subject matter of the foregoing motion with

counsel for Plaintiff, but has not received a response.

Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2010 I electronically filed the foregoing with

the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Tiffany Geyer Lydon, Esquire
> Caroline Hong, Esquire
> ASHBY & GEDDES

I further certify that I caused copies of the foregoing document to be served on

August 3, 2010 upon the following in the manner indicated:

Steven J. Balick, Esquire                                   *VIA ELECTRONIC MAIL*
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Caroline Hong, Esquire
ASHBY & GEDDES
500 Delaware Avenue – 8th Floor
Wilmington, DE  19801

Martin R. Lueck, Esquire                                    *VIA ELECTRONIC MAIL*
Sara A. Poulos, Esquire
Cole M. Fauver, Esquire
Julia Dayton Klein, Esquire
Loren L. Hansen, Esquire
Branda L. Joly, Esquire
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue – Suite 2800
Minneapolis, MN  55402

                                    Jack B. Blumenfeld (#1014)