IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENHANCED SECURITY RESEARCH, LLC, )
                                                   )
            Plaintiff,                       )
                                                   )
    v.                                           )         C.A. No. 09-871-LPS
                                                   )
JUNIPER NETWORKS, INC.,           )
                                                   )
           Defendant.                   )

**PLAINTIFF ENHANCED SECURITY RESEARCH, LLC'S OPPOSITION TO JUNIPER NETWORKS, INC.'S MOTION FOR ATTORNEYS' FEES**

*Of Counsel:*

Martin R. Lueck
Sara A. Poulos
Cole M. Fauver
Julia Dayton Klein
Loren L. Hansen
Brenda L. Joly
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Plaintiff*

Defendant Juniper Networks, Inc. ("Juniper") cannot credibly claim it is entitled to attorneys' fees in this case because this is not an exceptional case, and the issue that led to dismissal of the complaint is novel and is currently on appeal before the Federal Circuit. Plaintiff Enhanced Security Research, LLC ("ESR") requests that Juniper's motion be denied as without merit.

Juniper failed to demonstrate by clear and convincing evidence (as it must) that this is an exceptional case in which it is entitled to recover any attorneys' fees. *See Forest Labs, Inc. v. Abbott Labs*, 339 F.3d 1324, 1327 (Fed. Cir. 2003) (noting that entitlement to attorneys' fees must be established by clear and convincing evidence). Only in "exceptional cases"—where there was inequitable conduct before the PTO, litigation misconduct, bad faith litigation, a frivolous suit, or willful infringement—are attorneys' fees appropriate in patent cases. *See Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002), *citing Hoffman-LaRoche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365 (Fed. Cir. 2000). Juniper's motion shows none of these events and it cannot, because none of these events are present in this case.

Juniper's motion improperly conflates two, entirely separate issues related to ESR's standing to sue. ESR first raised a standing concern in May 2009 in a case against Juniper pending in the Eastern District of Texas. At that time, ESR discovered that there was a question regarding the chain of title to the patents-in-suit. ESR, therefore, requested dismissal of its first suit against Juniper, and clarified the chain of title with a confirmatory assignment of the patents. *See* Dkt. No. 26 at 3; Ex. C to Joly Declaration. ESR also re-filed its suit against Juniper. After ESR re-filed its suit, Juniper raised an entirely different standing issue, related to a Purchase Agreement, which ESR entered with a company called Security Research Holdings LLC ("SRH"). Under the Purchase Agreement, SRH agreed to pay for the right to receive a portion of

the proceeds to the patents-in-suit. *See* Dkt. No. 55, Ex. A. Juniper took the position that this Purchase Agreement divested ESR of its right to sue for infringement of the patents. *See* Dkt. No. 19. Judge Farnan ultimately ruled that ESR did not have standing to sue on its own, but confirmed that ESR had proper title to the patents (which was the issue resolved in Texas). *See* Dkt. No. 63.

Juniper simply ignores the well-established principle that an award of attorneys' fees under 35 U.S.C. § 285 is not intended to be an "ordinary thing in patent suits," and should be limited to instances where it is necessary to prevent a "gross injustice" or bad faith litigation. *Forest Labs.*, 339 F.3d at 1329. As the Federal Circuit has explained recently, '[t]he determination of whether a case is exceptional and, thus, eligible for and warranting an award of attorney fees under § 285 is a two-step process: (1) the district court must determine whether there is clear and convincing evidence that a case is exceptional…and (2) if so…whether an award of attorney fees is justified." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1372-73 (Fed. Cir. 2009). Factors to be considered by the Court include "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between the winner and loser." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986). Juniper's motion did not address these standards and made no showing that any of these were met.

This case is not "exceptional." As the briefing submitted in opposition to Juniper's motion to dismiss and the Court's Memorandum Opinion demonstrate, the determination that, although ESR holds legal title to the patents-in-suit, it lacks standing to enforce them, is based on a contract interpretation that is contrary to the contract parties' own intent and interpretation of the contract. *See* Dkt. Nos. 27, 42, and 63. This determination is also premised on an application

of the legal theory of "all substantial rights" in a manner never applied previously in any case. *See id.* Given the novelty and complexity of the standing issue that led to the dismissal, ESR's suit cannot be considered to have been frivolous or filed in bad faith. Attorneys' fees are therefore not proper. *See Digeo, Inc. v. Audible, Inc.* 505 F.3d 1362, 1369 (Fed. Cir. 2007) (holding attorneys' fees award not proper where patent suit dismissed for lack of standing because defendant could not prove by clear and convincing evidence that plaintiff knew or should have known that it lacked legal title to the patents-in-suit).

In addition to failing to show that this is an exceptional case, because it cannot, Juniper's demand for attorneys' fees is completely unsupported, and is facially unreasonable. Juniper seeks recovery of excessive attorneys' fees and expenses—$400,000— in a case that had no answer to the complaint, no Rule 26 conference, no scheduling order, and no discovery. Juniper's application for $400,000 in attorneys' fees is based on its filing a motion to transfer, which Juniper lost, a motion to stay, and a motion to dismiss. Moreover, Juniper has not disclosed the actual amount of fees incurred in this case and has not disclosed any fee agreement to establish whether the claim for fees is reasonable. *See* Fed. R. Civ. P. 54, Advisory Committee Note, 1993 Amendment, Paragraph (2), Subparagraph (B) (noting that, if directed by the Court, a party moving for fees must disclose the underlying fee agreement). Further, Juniper now seeks an unknown amount of attorneys' fees it may incur on appeal. Juniper seeks all of these fees without any assurance that they are reasonable or any legitimate argument that they are warranted.

Finally, Juniper's motion for attorneys' fees for an appeal, which has not even been briefed, should be made after the Federal Circuit rules on the appeal. Indeed, the case that Juniper cites as purported authority for its request for fees on appeal actually *denied* the

applicant's request for attorneys' fees. *See Cancer Research Tech. Ltd. v. Barr Labs, Inc.*, No. 07-457, 2010 WL 1485656 (D. Del. Apr. 13, 2010) (denying applicant's motion for attorneys' fees while noting that such motion puts plaintiff on notice that the defendants may request attorneys' fees if their judgment withstands appeal). This Court has discretion to take a number of actions in response to a motion for attorneys' fees for cases on appeal. It may rule on the claim for fees, defer ruling, or deny the motion without prejudice, directing a new period for filing after the appeal has been resolved. *See* Fed. R. Civ. P. 54, Advisory Committee Note, 1993 Amendment, Paragraph (2), Subparagraph (B).

Juniper's motion fails to even address the applicable legal standard for fees, much less provide any credible argument why fees would be warranted in this case. Juniper has not shown, because it cannot, that this case is exceptional. Juniper's motion should be denied with prejudice.

ASHBY & GEDDES

*/s/ Caroline Hong*

Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Martin R. Lueck
Sara A. Poulos
Cole M. Fauver
Julia Dayton Klein
Loren L. Hansen
Brenda L. Joly
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

Dated: August 20, 2010